No. 58,892

STATE OF KANSAS, *Appellee,* v. ATHEN D. PHIFER, *Appellant.*

(737 P.2d 1)

Opinion filed May 1, 1987.

*Steven R. Zinn,* supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *Benjamin C. Wood,* chief appellate defender, and *Heather Bussing,* legal intern, of Topeka, were with him on the brief for appellant.

*Julie McKenna,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The defendant, Athen Phifer, appealed his conviction of one count of indecent liberties with a child in violation of K.S.A. 1986 Supp. 21-3503 to the Court of Appeals. Phifer raised two issues: (1) The admission of the suppression hearing transcript into evidence at trial violated his right to confrontation, and (2) the trial judge abused his discretion by allowing the late endorsement of additional State witnesses. The Court of Appeals refused to consider the first issue Phifer raised, contending that he had not properly objected to the admission of the transcript. The court found no error on the second issue and affirmed the conviction in an unpublished opinion filed November 26, 1986. We accepted Phifer's petition for review.

Phifer was charged with two counts of indecent liberties with a child. K.S.A. 1986 Supp. 21-3503. Each count was based upon

separate incidents involving a fifteen-year-old girl, M.F. The jury convicted Phifer of the first count and found him not guilty on the second.

M.F. testified in both incidents that her resistance was overcome by force and fear. The first incident occurred on February 23, 1985. Phifer, who was known to the family, came to the family residence while M.F.'s parents were absent. After watching television and playing dominoes, Phifer began kissing M.F. and making other advances. He then had intercourse with M.F. in her bedroom.

The second incident occurred several weeks later. M.F.'s parents were again absent when Phifer came to the house. After a short conversation, Phifer had sexual intercourse with M.F. on the living room floor.

M.F. confided these events to a friend. The story eventually reached M.F.'s aunt, who informed M.F.'s mother and stepfather. After being informed of the events, M.F.'s stepfather drove to Phifer's house and confronted Phifer. A fight ensued, and the police were called. M.F.'s mother told the police of Phifer's sexual involvement with her daughter.

Phifer was taken to the police station where he was interviewed by Detective Styles while Detective Downing interviewed M.F. After Styles advised Phifer of his *Miranda* rights, Phifer agreed to talk to him. Phifer made incriminating statements about having sexual intercourse with M.F. Phifer later made similar statements to Detective Downing.

At trial Detective Styles was unable to testify because he was in the hospital. Phifer's attorney objected when the State moved for a continuance. The trial judge then suggested that Styles' testimony at the *Jackson v. Denno* hearing on the defendant's motion to suppress be admitted instead of continuing the trial. The trial judge allowed the court reporter from the suppression hearing and Detective Downing to be endorsed as additional State's witnesses. The transcript of Detective Styles' testimony at the suppression hearing was read to the jury by the court reporter.

The jury found Phifer guilty of the first count of indecent liberties, but not guilty of the second count. He now appeals his conviction.

The Court of Appeals declined to consider Phifer's claim that his constitutional right to confrontation had been violated when the trial judge allowed the State to introduce Styles' testimony at the suppression hearing into evidence at his trial. The Court of Appeals found that, since Phifer's attorney had failed to object specifically to the introduction of the suppression hearing evidence, he had not properly raised the constitutional issue. We disagree with the Court of Appeals' narrow ruling. While Phifer's attorney did not use the specific phrase "confrontation clause," he did object to the use of the transcript on the basis that he would be unable to cross-examine Styles about the inconsistent statements of M.F. and, therefore, should have been allowed to raise that issue on appeal.

Even where an objection is not sufficient to raise the constitutional issue or the issue was not considered by the trial court, an appellate court may consider such an issue where the newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case or if consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights. *State v. Baker,* 11 Kan. App. 2d 4, 9, 711 P.2d 759 (1985).

Prior to the adoption of the Kansas Code of Civil Procedure, the admissibility of evidence had been determined by the common law and a few scattered statutes. In 1963 the legislature adopted the Code of Civil Procedure, K.S.A. 60-101 *et seq.* The Code requires that all testimony of witnesses shall be taken in open court, unless otherwise provided. All evidence shall be admitted which is admissible under the specific statutes or Article 4 of Chapter 60. K.S.A. 60-243. Under the civil code there is a presumption of admissibility of relevant evidence unless a rule of evidence excludes it on constitutional or public policy grounds. Based upon these considerations, the legislature excluded all hearsay testimony from being admitted into evidence in a trial, then created numerous statutory exceptions which allow the introduction of hearsay statements into evidence.

K.S.A. 1986 Supp. 60-460(c) provides in pertinent part:

"**60-460. Hearsay evidence excluded, exceptions.** Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

"(c) *Depositions and prior testimony.* Subject to the same limitations and objections as though the declarant were testifying in person, (1) testimony in the form of a deposition taken in compliance with the law of this state for use as testimony in the trial of the action in which offered or (2) if the judge finds that the declarant is unavailable as a witness at the hearing, testimony given as a witness in another action or in a preliminary hearing or former trial in the same action, or in a deposition taken in compliance with law for use as testimony in the trial of another action, when . . . (B) the issue is such that the adverse party on the former occasion had the right and opportunity for cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered, *but the provisions of this subsection (c) shall not apply in criminal actions if it denies to the accused the right to meet the witness face to face.*" (Emphasis added.)

The right of a person on trial for a crime to be confronted with witnesses against him is secured or guaranteed by the Sixth Amendment to the United States Constitution. The confrontation provision of the Sixth Amendment is obligatory on the states by reason of the Fourteenth Amendment to the Constitution. 21A Am. Jur. 2d, Criminal Law § 721.

The United States Supreme Court has held that under the confrontation clause of the federal Constitution, preliminary hearing testimony is admissible regardless of whether the accused has an effective opportunity at his subsequent state criminal trial to confront the declarant who gave such testimony, where (1) the declarant was under oath at the preliminary hearing, (2) the accused was represented at the preliminary hearing by the same counsel who later represented him at the trial, (3) the accused had every opportunity at the preliminary hearing to cross-examine the declarant as to his statement, and (4) the proceedings at the preliminary hearing were conducted before a judicial tribunal, equipped to provide a judicial record of the hearing. *California v. Green,* 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970).

Before prior testimony is allowed, the State must show that the witness is unavailable. Once unavailability is shown, the courts require that the preliminary examination testimony have certain "indicia of reliability" before it will be allowed into evidence at a subsequent trial. This generally requires a showing that the accused had an adequate opportunity to cross-examine the witness, that the testimony to be given is a correct version of the

testimony received at the preliminary proceeding, and that the testimony was taken at a regularly constituted judicial proceeding.

When a witness is unavailable at trial, virtually all jurisdictions allow the introduction of testimony given at a preliminary examination, if the accused was present at the preliminary examination and had an opportunity to cross-examine the witness. Although the courts in most cases recognize that the personal presence of the witness may be more advantageous to the accused, they admit such testimony because they find that the rights of the public are not to be defeated in order that an incidental benefit may be preserved to the accused. Annot., 38 A.L.R.4th 378, § 2.

Kansas has held that not only may testimony from a preliminary hearing be introduced at a subsequent criminal trial under K.S.A. 1986 Supp. 60-460(c)(2), but under 60-460(c)(1) depositions of an absent witness taken pursuant to K.S.A. 1986 Supp. 22-3211 may be introduced into evidence. *State v. Hernandez,* 227 Kan. 322, 607 P.2d 452 (1980).

Other courts have allowed the admission of testimony from suppression hearings where the State is able to prove the witness is unavailable and the defense had an adequate opportunity to cross-examine the witness. *State v. Schad,* 129 Ariz. 557, 633 P.2d 366 (1981). See *United States v. Zurosky,* 614 F.2d 779 (1st Cir. 1979), and *Younger v. State,* 496 A.2d 546 (Del. 1985).

Here, the prior testimony of Detective Styles at the suppression hearing met the constitutional requirements of confrontation required by other jurisdictions for admission of that testimony into evidence at the trial of the accused. The witness was under oath, Phifer was represented by the same counsel who later represented him at the trial, the accused had every opportunity at the preliminary hearing to cross-examine the declarant as to his statement, the proceedings at the suppression hearing were conducted before a judicial tribunal equipped to provide a judicial record of the hearing, and the witness was unavailable to testify at the trial.

Phifer claims that the trial judge exceeded his statutory authority when the judge allowed the testimony taken at a suppression hearing to be introduced in his criminal trial. He argues

that where a declarant is unavailable as a witness at trial, K.S.A. 1986 Supp. 60-460(c)(2) allows only the testimony from the preliminary hearing or a former trial in the same action to be admitted into evidence in a criminal trial and that the statute requires that the accused have the right and opportunity for cross-examination with a similar interest and motive before that testimony can be admitted as evidence in a criminal trial.

We note that K.S.A. 1986 Supp. 60-460(c)(2) uses the term "preliminary hearing" while K.S.A. 1986 Supp. 22-2902 discusses the "preliminary examination." Even though the legislature used the term "preliminary examination" in K.S.A. 1986 Supp. 22-2902 when the Kansas Code of Criminal Procedure was adopted, we have never been consistent when labelling that hearing in our opinions. Both of the Kansas courts of appeal have treated "preliminary hearing" and "preliminary examination" synonymously.

Did the legislature intend K.S.A. 1986 Supp. 60-460(c)(2)'s "preliminary hearing" to be synonymous with the "preliminary examination" of K.S.A. 1986 Supp. 22-2902? If the terms are synonymous, 60-460(c)(2) permits only the testimony of an unavailable witness given at the preliminary examination, at a former trial of the same action, or at a deposition taken pursuant to K.S.A. 1986 Supp. 22-3211 to be introduced at the trial of an accused in a criminal action.

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. Legislatures have encouraged the evolutionary elaboration of law by the courts through the deliberate enactment of highly generalized statutes. Therefore, in determining legislative intent, courts are not bound to an examination of the language alone but may properly look into the causes which impel the statute's adoption, the objective sought to be attained, the statute's historical background, and the effect the statute may have under the various constructions suggested. *In re Petition of City of Moran,* 238 Kan. 513, 713 P.2d 451 (1986).

In our opinion, the legislature intended K.S.A. 60-460(c)(2)'s "preliminary hearing" and K.S.A. 22-2902's "preliminary examination" to be synonymous. Therefore, even where an accused

has had an adequate opportunity to cross-examine a witness at a suppression hearing and the witness is unavailable to testify at the accused's trial, K.S.A. 60-460(c)(2) prohibits that testimony from being introduced into evidence against an accused in a criminal trial. The trial judge erred in admitting that testimony into evidence in Phifer's criminal trial.

If the introduction of Detective Styles' testimony violated Phifer's constitutional right of confrontation, we would be required to determine beyond a reasonable doubt whether that error had little if any likelihood of having changed the result of the trial. *State v. Knapp*, 234 Kan. 170, 671 P.2d 520 (1983). Because the introduction of the testimony violated a statutory prohibition, the question is whether the error was harmless and did not prejudice Phifer's right to a fair trial. Errors which do not affirmatively appear to prejudicially affect the substantial rights of the accused do not require reversal when substantial justice has been done. *State v. Mitchell*, 234 Kan. 185, 196, 672 P.2d 1 (1983).

The trial record shows that, while Phifer was interviewed by Detective Styles, Detective Downing interviewed M.F. Phifer made incriminating statements about having sexual intercourse with M.F. to Detective Styles. Later, Phifer made similar statements to Detective Downing. During the trial, Detective Downing merely corroborated Styles' testimony and Downing was cross-examined about Phifer's incriminating statements. During cross-examination, defense counsel asked Downing about his interviews with M.F. and elicited the information he required from the unavailable witness, Styles. M.F. also testified and was cross-examined regarding the inconsistent statements she had made to Detective Styles. Through cross-examination of Downing and M.F., Phifer was able to effectively present his defense to the jury. Under the facts, the introduction of the transcript of Detective Styles' testimony into evidence at trial was harmless error.

Phifer contends that the trial court erred in allowing the late endorsement of the court reporter and Detective Downing as witnesses. The Court of Appeals found no error in the late endorsement.

The endorsement of additional witnesses on an information is

a matter of judicial discretion and will not be the basis for reversal absent proof of an abuse of discretion. The test of abuse of the exercise of that discretion is whether or not the rights of the defendant were unfairly prejudiced by the endorsement. *State v. McNaught*, 238 Kan. 567, 583, 713 P.2d 457 (1986). The late endorsement of witnesses rests in the sound discretion of the trial judge, whose ruling will not be disturbed except for abuse. Such abuse may occur when use of a witness results in surprise or material prejudice to the defendant preventing fair preparation of his defense, but there must be some showing of prejudice to the defendant to constitute reversible error. *State v. Wilson & Wentworth*, 221 Kan. 359, 559 P.2d 374 (1977).

Phifer failed to establish that the endorsement of the court reporter or Downing was a surprise or that it resulted in prejudice to him. He was initially notified of the possibility of Downing testifying when a praecipe and subpoena were requested by the State seven weeks before trial and noted on the appearance docket. At the suppression hearing, Styles testified that he conducted two interviews, one by himself and the second one in the presence of Downing. The defendant's attorney was, therefore, aware that Downing had knowledge of the interviews and both Phifer and his attorney knew that the court reporter recorded the testimony of Detective Downing at the suppression hearing. In addition, during the trial, defense counsel did not ask for a continuance to interview Downing in preparation for cross-examination.

There is no evidence to show that the defense was surprised by the endorsement of the witnesses. The trial judge did not abuse his discretion by allowing the State to endorse the two additional witnesses.

The judgments of the district court and the Court of Appeals are affirmed.