(841 P.2d 1088)

No. 65,560

STATE OF KANSAS, *Appellee,* v. ORVILLE M. GEDDES, JR., *Appellant.*

Opinion filed November 20, 1992.

*M. Kristine Paredes,* assistant appellate defender, *Wendy L. Rhyne Slayton,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Joe Shepack,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before DAVIS, P.J., LEWIS, J., and DAVID W. KENNEDY, District Judge, assigned.

LEWIS, J.: The defendant appeals his conviction for felony possession of marijuana. This appeal involves the enhancement of the crime for which the defendant was sentenced from a class A

misdemeanor to a class D felony. The defendant's sentence was also enhanced under the Habitual Criminal Act. The defendant appeals his conviction and the sentence imposed. We affirm the conviction, vacate the sentence, and remand for resentencing.

The defendant was living in a trailer house in rural Meade County. On the date of his arrest, Meade County Sheriff's Deputies had gone to the defendant's home, seeking to arrest him on a parole violation. Upon arrival at the trailer house, the sheriff's deputies found not only the defendant, but also his brother James, who was wanted for parole violation.

When the sheriff's deputies arrived at the defendant's home, they encountered a hostile and angry James. His eyes were watery and his speech was slurred. The defendant, on the other hand, was calm and cooperative throughout the entire affair.

The sheriff's deputies testified that, after they gained entry to the trailer, they detected the smell of marijuana. They then returned to the courthouse, where they obtained a search warrant to search the defendant's trailer for drugs and paraphernalia.

The search warrant was executed and a search was conducted of the defendant's trailer. This search yielded a pipe, a hand-rolled marijuana cigarette, and a hemostat. The cigarette was found under a couch in the defendant's living room. The pipe was found, along with some rolling papers, in a basket on a table next to that couch. The hemostat was in a dresser drawer in the defendant's bedroom.

The pipe and cigarette were both submitted to the KBI laboratory for analysis. That analysis found that both items contained traces of tetrahydrocannabinol (THC), which is the active ingredient of marijuana. The hemostat seized from the trailer was not analyzed.

The charges lodged against the defendant were resolved after a trial by jury. At trial, the defendant and his brother James both denied smoking marijuana on the evening of their arrest. They explained away the odor of marijuana by testifying the aroma was that of the pork chop dinner which was being prepared. The defendant denied any knowledge that any of the items seized were located in his home. He admitted that he had smoked marijuana but not for the last six or seven months. Upon further

examination, the defendant conceded that he had several prior drug convictions.

The defendant's other brother, E.C., also testified at trial. E.C. asserted that the pipe and cigarette found in the defendant's trailer belonged to him. He said that he had access to the trailer and had left the offending items without the defendant's knowledge. E.C. also conceded that, unlike the defendant and James, he had no prior felony convictions and that, if convicted of possession of marijuana, he would not likely receive a heavy sentence. It is apparent from the jury verdict in this case that the jury chose not to believe the testimony of E.C.

The defendant appeals, raising several alleged errors concerning his conviction and sentence.

## SUFFICIENCY OF THE EVIDENCE

The defendant's first argument is that the evidence presented was not sufficient to support his conviction. We have reviewed the record in this case and conclude that the defendant's arguments in this regard have no merit.

The evidence against the defendant was almost totally circumstantial. In addition, the evidence was conflicting. Under these circumstances, the jury was the best judge of what the evidence did or did not show. The jury chose not to believe the defendant and his witnesses and resolved the conflict in the evidence in favor of the State. The jury had every right to do so, and we affirm its decision in that regard.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review for this court is whether, after review of all of the evidence in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Evans,* 251 Kan. 132, 135-36, 834 P.2d 335 (1992) (following *State v. Graham,* 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 [1990]).

The essential elements of the crime of possession of marijuana are the following: (1) that the defendant possessed the marijuana, and (2) that he did so intentionally. Possession of a controlled substance requires that one have control over the substance with

knowledge of and the intent to have such control. *State v. Flinch-paugh,* 232 Kan. 831, Syl. ¶ 1, 659 P.2d 208 (1983).

In this case, the defendant was not shown to have been in exclusive possession of the premises from which evidence was seized. Under these circumstances, the following rule applies:

"When a defendant is in nonexclusive possession of the premises on which illegal drugs are found, there must be other incriminating circumstances linking the defendant to the drugs. 'Whether such circumstances are sufficient to give rise to an inference of possession is a question for the jury.' *State v. Anthony,* 242 Kan. 493, 502, 749 P.2d 37 (1988)." *State v. Perry,* 16 Kan. App. 2d 150, 156, 823 P.2d 804 (1991).

Over the years, the courts have determined which incriminating factors and circumstances can be used to support an inference that a defendant is in possession of drugs. These include a defendant's prior participation in the sale of drugs, his or her use of illegal drugs and narcotics, his or her proximity to the area where drugs are found, whether the drugs are in plain view, incriminating statements of the defendant, suspicious behavior, and the proximity of the defendant's possessions to the drugs. *State v. Cruz,* 15 Kan. App. 2d 476, 489, 809 P.2d 1233, *rev. denied* 249 Kan. 777 (1991) (following *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247 [1976], and *State v. Bullocks,* 2 Kan. App. 2d 48, 574 P.2d 243, *rev. denied* 225 Kan. 846 [1978]).

In this case, a number of those incriminating factors were present and support the defendant's conviction. When the arresting officers entered the defendant's trailer, they detected the smell of marijuana. The deputies initially observed the defendant in the same room where the pipe and marijuana cigarette were later discovered. The pipe was discovered, along with rolling papers, in a basket which was admittedly the defendant's. The deputies recovered the hemostat from the defendant's dresser drawer. The hemostat is an item which would fall under the description of drug paraphernalia, and the defendant's only explanation for possessing that instrument was that it looked attractive to him. In addition to these factors, the defendant admitted to several prior drug convictions and admitted prior use of marijuana.

In the instant matter, we hold that a rational factfinder could find the defendant guilty beyond a reasonable doubt of possession of marijuana on the evidence submitted by the State.

## JURY INSTRUCTIONS

The defendant asserts that the trial court failed to properly instruct the jury on the crime of possession of marijuana. In the face of that assertion, the defendant admits that he failed to raise his objections at trial. On appeal, a party may not assert as error the failure to give an instruction unless he or she objected to the failure to give that instruction, stating specific grounds for the objection. Absent an objection, we may reverse only if the trial court's failure to give the instruction was clearly erroneous. The failure to give an instruction is clearly erroneous only if we can reach a firm conclusion that, if the trial error had not occurred, a real possibility exists that the jury would have returned a different verdict. *State v. Perkins,* 248 Kan. 760, Syl. ¶ 8, 811 P.2d 1142 (1991). In the instant matter, the defendant's failure to object means that we apply the "clearly erroneous" rule to his appellate argument.

The defendant contends that, based upon the instructions given by the trial court, the jury could have found that he possessed marijuana without finding that he intentionally and knowingly exercised a restraining or directing influence over the drug. We have reviewed the record and conclude that the defendant's argument is without merit. The trial court instructed the jury that, in order to convict the defendant of possession, the jury would have to conclude that he intentionally "possessed or had under his control a hallucinogenic drug known as marijuana or tetrahydrocannabinol (THC)." The court defined "intentionally" as "conduct that is purposeful and willful and not accidental." Under this instruction, the jury, in order to convict the defendant, must have concluded that the defendant was knowingly in control of the marijuana in question. The defendant's arguments in this regard are without merit.

The defendant next argues that the trial court should have instructed the jury that, when a defendant is in the nonexclusive control of an area where drugs are found, there must be incriminating circumstances besides the presence of the drugs to sustain a conviction for possession. Under some circumstances, this might be a meritorious argument; it is not in the instant matter. We have previously set forth the incriminating factors which were proven by the State in this case. Under the circumstances, we

cannot say that the failure to give this instruction was clearly erroneous. We are unable to conclude that, had the instruction been given, a real possibility existed that the jury would have returned a different verdict. To the contrary, we conclude that, had this particular instruction been given, the defendant's risk of conviction would have increased, not decreased.

We find no error in the trial court's instructions.

## HABITUAL CRIMINAL ACT

The defendant argues that the trial court erred in enhancing his sentence under the Habitual Criminal Act. There are several facets to this proposition.

In this case, the classification of the defendant's crime was enhanced under the provisions of K.S.A. 1991 Supp. 65-4127b(a). That statute provides: "Any person who violates this subsection shall be guilty of a class A misdemeanor, except that such person shall be guilty of a class D felony upon conviction for a second or subsequent offense." The present conviction is the third conviction of the defendant under this particular statute. The class A misdemeanor provided by the statute was enhanced to a class D felony by proof of a prior conviction of the defendant under 65-4127b(a).

The defendant contends that, once the classification of the crime was enhanced, the penalty could not again be enhanced under the Habitual Criminal Act. He cites no authority for this proposition, and it appears to be a question of first impression.

The Habitual Criminal Act is found at K.S.A. 1991 Supp. 21-4504. This statute provides for enhanced sentences for those previously convicted of felonies. The conviction currently under consideration by this court is the defendant's third felony conviction in the State of Kansas.

The Habitual Criminal Act provides that it will not be applicable in two specific instances. These instances are set forth in K.S.A. 1991 Supp. 21-4504(e), which provides:

"The provisions of this section shall not be applicable to:

(1) Any person convicted of a felony of which a prior conviction of a felony is a necessary element; or

(2) any person convicted of a felony for which a prior conviction of such felony is considered in establishing the class of felony for which the person may be sentenced."

The instances set forth above are exclusive. They are the only instances in which the Act is not applicable. To be successful, this defendant must show that one of those instances applies to prevent the application of the Act in his case.

The record shows three prior convictions of the defendant which are relevant to our inquiry. These convictions, all Seward County convictions, were:

(1) Case No. 83-CR-223, a class A misdemeanor conviction for violation of K.S.A. 65-4127b(a);

(2) Case No. 83-CR-184, a class D felony conviction for theft in violation of K.S.A. 21-3701(d) (Ensley 1981); and

(3) Case No. 84-CR-30, a class D felony conviction for a violation of K.S.A. 65-4127b(a), a second time.

These three convictions were all used by the State to either enhance the classification of the crime for which the defendant was sentenced or to enhance his sentence.

In the information filed, the State alleged that the defendant was in possession of marijuana after "having been previously convicted of violations of K.S.A. 65-4127b in Seward County, Kansas, District Court Case No. 83 CR 223 and 84 CR 30."

We note first that defendant's conviction for case No. 84-CR-30 is a prior conviction of the crime with which the defendant was charged in the instant matter. If that conviction were used to enhance the classification of the crime charged to a class D felony, it could not be used again to enhance the defendant's sentence under the Habitual Criminal Act. It is a "prior conviction of such felony" under 21-4504(e)(2).

The motion filed by the State to enhance under the Act alleged defendant's prior felony convictions in case No. 83-CR-184 and case No. 84-CR-30 as the underlying convictions.

Although the State alleged that case No. 84-CR-30 was a prior conviction of the crime charged and, thus, could be used to enhance the classification of that crime, the question is which conviction was actually used to enhance the classification. The journal entry of the trial court's sentencing in this case provides the answer. It provides: "The Court notes for the record that a certified copy of Seward County District Court Case No. 83 CR 223 constitutes the predicate or first-possession offense underlying

the Defendant's present conviction for violating K.S.A. 65-4127b(a) for a second or subsequent time."

Therefore, despite the allegations of the information, the trial court did not use the conviction in No. 84-CR-30 to enhance the class of crime from a class A misdemeanor to a class D felony. The enhancement of the classification of the crime was accomplished by the use of a prior misdemeanor conviction, No. 83-CR-223. Accordingly, the State was free to use No. 84-CR-30 to enhance under the Habitual Criminal Act.

In this case, a prior conviction was used to convict the defendant of a class D felony. That prior conviction was No. 83-CR-223, a misdemeanor conviction under 65-4127b(a). A prior misdemeanor conviction is not, by definition, a "prior conviction of such felony." See K.S.A. 1991 Supp. 21-4504(e)(2).

Case No. 83-CR-223 was a conviction for a similar violation of K.S.A. 65-4127b and involved the same type of conduct for which the defendant was charged in the instant matter. Despite all of the similarities, it was a misdemeanor conviction and not a felony conviction. K.S.A. 1991 Supp. 21-4504(e) only bars the use of a conviction to enhance under the Habitual Criminal Act if that conviction was a felony and was also used to enhance the classification of the crime charged. That situation does not exist in the case under consideration.

There are only two instances in which use of the Habitual Criminal Act is barred. The defendant has not shown that either of those instances is applicable to the instant matter. As a result, we hold that the trial court did not err in enhancing the defendant's sentence under the Habitual Criminal Act.

Finally, the defendant argues that, because the classification of the crime for which he was sentenced was enhanced, the use of the Habitual Criminal Act is barred and his sentence cannot be again enhanced under that act. The defendant has cited no Kansas decisions on the subject, and the statute clearly does not require the result sought by the defendant. We hold that the fact that the class of crime is enhanced by proof of a prior violation of K.S.A. 65-4127b(a) does not bar the State from invoking the Habitual Criminal Act by the use of two prior felonies which were not used in the enhancement of the classification of the crime.

The defendant also argues that, under *State v. Wilson*, 6 Kan. App. 2d 302, 305, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981), multiple convictions obtained on the same date may be used only as a single conviction for the purposes of the Habitual Criminal Act. While conceding the correctness of the defendant's argument, we find it factually inapplicable.

In this case, the defendant's sentence was enhanced under the Habitual Criminal Act by using case No. 83-CR-184, a felony conviction obtained on December 12, 1983. The other felony used to enhance under the Habitual Criminal Act was No. 84-CR-30, the conviction of which was obtained on February 29, 1984. As a result, *State v. Wilson* does not factually apply, and the defendant's argument is without merit.

## THE DEFENDANT'S PRESENT SENTENCE

The trial court originally tripled the defendant's sentence under the Habitual Criminal Act and sentenced the defendant to a term of not less than three years nor more than life. Subsequently, the Department of Corrections advised the trial court that the sentence was improper. The trial court then entered a nunc pro tunc order in which it corrected the sentence and sentenced the defendant to a term of not less than 3 nor more than 30 years. Unfortunately, this sentence is also illegal, and the State concedes that the defendant is correct on this issue.

When it is applicable, K.S.A. 1991 Supp. 21-4504(c)(1) allows sentencing courts to fix a minimum and a maximum sentence of no more than two times the greatest minimum and maximum authorized by K.S.A. 21-4501. In this particular case, the trial court enhanced the defendant's sentence to three times the greatest maximum authorized for a class D felony of possession of marijuana. This was obviously incorrect.

Under K.S.A. 21-4501(d)(2), the greatest maximum sentence which could be imposed was a sentence of not less than 5 nor more than 10 years. Under the Habitual Criminal Act, the trial court is authorized to double the greatest minimum/maximum sentence authorized by law. The sentence of 3 to 30 years does not exceed the greatest minimum sentence which could have been imposed, but it does exceed the greatest maximum sentence which could have been imposed under the law. The defendant's

sentence is therefore illegal, that sentence is vacated, and the cause is remanded with instructions to resentence the defendant in a manner consistent with this opinion.

Conviction affirmed, sentence vacated, and remanded for resentencing.