(878 P.2d 838)
No. 70,383

STATE OF KANSAS, *Appellee*, v. STEVEN F. GREEVER, *Appellant*.

Opinion filed August 5, 1994.

*Daniel D. Creitz*, of Hines, Ahlquist & Creitz, P.A., of Erie, for appellant.

*Robert Forer*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., PIERRON and GREEN, JJ.

BRAZIL, J.: Steven F. Greever was convicted of forgery pursuant to K.S.A. 21-3710(a)(2), and the trial court enhanced his sentence under K.S.A. 1993 Supp. 21-4504(c). He appeals, contending that the court erred by enhancing his sentence under 21-4504(c) and by not reciting the specific findings upon which the enhanced sentence was based and that K.S.A. 1993 Supp. 21-4504 is unconstitutionally vague. We vacate the sentence and remand with directions.

Appellate courts will not disturb a sentence imposed by a trial court on grounds that it is excessive "' 'provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, oppression, or corrupt motive.' " *State v. Warren*, 252 Kan. 169, 183, 843 P.2d 224 (1992).

Greever argues that his sentence was excessive. In effect, he argues an abuse of discretion by the trial court. He advances several alternative theories in support of this argument. First, Greever argues that under K.S.A. 1993 Supp. 21-4504(c), an article 34 crime cannot be used to enhance the type of felony for which he was convicted. Second, he argues the sequence of commissions and convictions of his prior crimes was such that only one of his first two convictions could have been used to enhance the current sentence. Third, Greever argues that in order for the sentence enhancement to be proper, the prior convictions must be for the same crime (forgery) or the convictions must at least be for article 37 crimes.

The State argues that Greever's interpretation of K.S.A. 1993 Supp. 21-4504 is contrary to the intent and wording of the statute and would lead to absurd results. The State concedes that only one of the first two convictions can be used to enhance the current sentence. Nevertheless, the State argues two prior convictions remain that could properly have been used by the trial court to enhance the sentence.

K.S.A. 1993 Supp. 21-4504 states:

"(a) If a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated, the punishment for which is confinement in the custody of the secretary of corrections after having previously been convicted of *any such felony or comparable felony* under the laws of another state, the federal government or a foreign government, the trial judge may sentence the defendant as follows, upon the motion of the prosecuting attorney:

(1) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted; and

(2) the court may fix a maximum sentence of not less than the least nor more than twice the greatest maximum sentence provided for the crime by K.S.A. 21-4501 and amendments thereto.

"(b) If a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated; having been convicted at least twice before for *any such felony offenses or comparable felony offenses* under the laws of another state, the federal government or a foreign government, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized for the crime for which the defendant is convicted by K.S.A. 21-4501 and amendments thereto; and

(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided for the crime by K.S.A. 21-4501 and amendments thereto.

"(c) If a defendant is convicted of a felony other than a felony specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated, having been convicted at least twice before for *any such felony offenses or comparable felony offenses* under the laws of another state, the federal government or a foreign government, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) The court shall fix a minimum sentence of not less than the greatest nor more than two times the greatest minimum sentence authorized for the crime for which the defendant is convicted by K.S.A. 21-4501 and amendments thereto; and

(2) the court may fix a maximum sentence of not less than the least nor more than two times the greatest maximum sentence provided for the crime by K.S.A. 21-4501 and amendments thereto." (Emphasis added.)

The Kansas Court of Appeals has clarified the use of prior crimes to enhance a sentence under 21-4504. *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981). Under *Wilson*, "it is required that there be the commission and conviction of one offense, followed by the com-

mission and conviction of a second offense, followed by commission of the principal offense upon conviction of which sentence enhancement is sought." 6 Kan. App. 2d at 306.

Both parties agree that, under *Wilson*, the trial judge could not use both the theft (conviction on June 26, 1985) and the attempted aggravated robbery (committed on February 26, 1985) to double Greever's sentence. Greever committed the second felony prior to his conviction on the first felony. *Wilson* precludes the trial court from using both prior convictions. However, as the State correctly argues, the trial court may use the remaining two crimes to double Greever's sentence under K.S.A. 1993 Supp. 21-4504(c), unless we accept Greever's interpretation of the statute, as set out below.

Greever's remaining arguments address the interpretation of K.S.A. 1993 Supp. 21-4504. Greever's current conviction, forgery, is a crime under article 37 of chapter 21. Thus, subsection (c) of K.S.A. 1993 Supp. 21-4504 is applicable: "If a defendant is convicted of a felony other than a felony specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated, having been convicted at least twice before for any such felony offenses," the trial judge may double the sentence authorized by K.S.A. 1993 Supp. 21-4501. Greever argues that only prior crimes other than article 34, 35, or 36 crimes may be used to enhance his sentence.

When construing a statute, the intent of the legislature governs when that intent can be ascertained from the statute. *State v. Phifer*, 241 Kan. 233, 238, 737 P.2d 1 (1987). K.S.A. 21-4504 has been amended several times since its enactment. The 1989 and 1990 amendments shed some light on what the legislative intent might be concerning the version questioned by Greever.

Prior to the 1989 amendment, 21-4504 provided for the doubling of a defendant's sentence "[i]f a defendant is convicted of *a felony* a second time, the punishment for which is confinement in the custody of the secretary of corrections." (Emphasis added.) K.S.A. 21-4504(a). A defendant's sentence could be tripled "[i]f a defendant is convicted of *a felony* a third or subsequent time." (Emphasis added.) K.S.A. 21-4504(b). No distinction was made concerning what types of prior felonies could be used to enhance the sentence.

The 1989 amendments provided that "[i]f a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 . . . a second time," the sentence could be doubled. K.S.A. 1989 Supp. 21-4504(a). Further, "[i]f a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 . . . a third or subsequent time," the sentence could be tripled. K.S.A. 1989 Supp. 21-4504(b). Finally, "[i]f a defendant is convicted of a felony other than a felony specified in article 34, 35 or 36 of chapter 21 . . . a third or subsequent time," the sentence could be doubled. K.S.A. 1989 Supp. 21-4504(c). The legislature thus made a distinction between article 34, 35, and 36 crimes and other crimes; article 34, 35, and 36 crimes involve crimes against persons and are generally more dangerous or violent than other crimes. It provided a two-tiered enhancement for article 34, 35, and 36 crimes, while providing for sentence enhancements for other offenses only after conviction a third or subsequent time.

In 1990, the legislature amended 21-4504 again. The distinction remained between article 34, 35, and 36 crimes and other crimes. However, the statute then specified that "[i]f a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 . . . after having previously been convicted of *any such felony or comparable felony* under the laws of another state, the federal government or a foreign government" the trial judge may double the sentence. (Emphasis added.) K.S.A. 1990 Supp. 21-4504(a). Also, "[i]f a defendant is convicted of a felony specified in article 34, 35 or 36 of chapter 21 . . . having been convicted at least twice before for *any such felony offenses or comparable felony offenses* under the laws of another state, the federal government or a foreign government" the trial judge could triple the sentence. (Emphasis added.) K.S.A. 1990 Supp. 21-4504(b). And, finally, "[i]f a defendant is convicted of a felony other than a felony specified in article 34, 35 or 36 of chapter 21 . . . having been convicted at least twice before for *any such felony offenses or comparable felony offenses* under the laws of another state, the federal government or a foreign government" the trial judge could double the sentence. (Emphasis added.) K.S.A. 1990 Supp. 21-4504(c).

The 1989 amendments were added to draw distinctions between habitual offenders of article 34, 35, or 36 felonies and those

convicted of other felonies. The 1990 amendments were meant to "clarify the previous convictions to which the section applies." 11 Vernon's Kansas Crim. Code § 21-4504 (1994 Supp.).

The statute was amended again in 1992 and 1993. The 1992 amendment changed some language not at issue here. K.S.A. 1992 Supp. 21-4504. The 1993 amendment effectively ended the use of the enhancement statute by making it inapplicable to crimes committed on or after July 1, 1993. K.S.A. 1993 Supp. 21-4504(e)(3).

The purpose of 21-4504 is to " 'provide additional penalties for the commission of felonies subsequent to the first one, and thereby strive to deter the criminally inclined from repeated felonies.' " *State v. Murray*, 200 Kan. 526, 530-31, 437 P.2d 816 (1968) (quoting *State v. Felton*, 194 Kan. 501, 504, 399 P.2d 817 [1965]). With the subsequent amendments, the legislature saw fit to separate the types of crimes and their enhancements. Because of the clarifying language added by the 1990 amendments, Greever's argument has some merit. A felony "other than a felony specified in article 34, 35 or 36 of chapter 21" can only be enhanced if defendant has been convicted "at least twice before for any such felony offenses or comparable felony offenses under the laws of another state, the federal government or a foreign government." 21-4504(c). "[S]uch felony offenses or comparable felony offenses" would logically refer back to the prior language— felonies other than those specified in article 34, 35, or 36 of chapter 21.

The State argues that this would lead to an absurd result in that a felon who has committed two murders (article 34 crimes) and then commits a theft (an article 37 crime) could not have his or her sentence enhanced. Although there is some merit to this argument, it is not unreasonable to think that the legislature, by drawing a distinction between article 34, 35, and 36 crimes and other felonies, and then adding the clarifying language the next year, meant to do just that. If the legislature intended to adhere to the State's proposed interpretation, would the legislature have amended the statute at all? Additionally, the State noted that the amendments were passed to help relieve prison overcrowding by making the statute applicable in fewer cases.

After a plain reading of the entire statute and a review of the 1989 and 1990 amendments, we are persuaded by Greever's argument. Thus, under Greever's interpretation, the prior article 34 crimes should not have been used to enhance Greever's present sentence. Since his current conviction was for a crime *other than an article 34, 35, or 36 crime,* his sentence could only be enhanced if he had been convicted at least twice before for crimes other than article 34, 35, or 36 crimes. K.S.A. 1993 Supp. 21-4504(c). The trial court abused its discretion by enhancing Greever's article 37 conviction using article 34 convictions.

Greever advances two other alternative interpretations of 21-4504 which would result in an even narrower application. He argues that the prior convictions must be for the same offense or that the prior convictions must be from the same article. In effect, Greever argues that the only prior crimes which may be used to enhance his sentence under his current forgery conviction are prior forgery convictions or prior article 37 convictions. We disagree. A plain reading of K.S.A. 1993 Supp. 21-4504(c) refers to "any such felony offenses." "Offenses" logically refers back to "felon[ies] other than . . . felon[ies] specified in article 34, 35 or 36."

In *State v. Geddes*, 17 Kan. App. 2d 588, 841 P.2d 1088 (1992), *rev. denied* 252 Kan. 1094 (1993), this court applied 21-4504. The issue was whether a prior crime used to enhance the classification of a crime involving illegal drugs could then be used to enhance the sentence for that crime. 17 Kan. App. 2d at 593. Although not the same question as that presented here, it is helpful to look at how the statute was applied in that case. This court approved the use of a prior K.S.A. 21-3701(d) felony conviction and a prior K.S.A. 65-4127b(a) felony conviction to enhance the defendant's sentence for a K.S.A. 65-4127b felony conviction. 17 Kan. App. 2d at 595-96. The application of the statute in *Geddes*, using the same statutory language as is considered here, does not support the construction as argued by Greever. If the legislature had intended that only the same priors or only priors in the same article as the current crime could be used to enhance the sentence, it could have easily worded the statute to reflect that intent. Thus, Greever's two alternative arguments concerning the interpretation of K.S.A. 1993 Supp. 21-4504 fail.

Greever also argues that the trial court abused its discretion in applying 21-4504 because it did not have "competent evidence" that the former convictions were committed by Greever, as required by K.S.A. 1993 Supp. 21-4504(f). Greever argues that because he did not concede the issue of identity, the journal entries of conviction alone were not sufficient evidence to prove that Greever had committed these crimes. Again, we disagree.

"Generally, proof of prior felony convictions to invoke the Habitual Criminal Act [21-4504] is made by using certified or authenticated copies of the journal entries of convictions from other states or counties. This is the best possible evidence of a prior felony conviction." *State v. Maggard,* 16 Kan. App. 2d 743, 753, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992). Absent a denial of identity or rebuttal evidence, proof beyond the identity of the name in the document is not required for admission of the evidence. *State v. Cippola,* 202 Kan. 624, 629, 451 P.2d 199, *cert. denied* 396 U.S. 967 (1969).

In *State v. Baker,* 237 Kan. 54, 55, 697 P.2d 1267 (1985), the defendant objected to the admission of court records on technical grounds. However, because Baker did not deny that he was the same person named in the journal entry or dispute or refute the evidence, the Kansas Supreme Court found that the certified court records were sufficient evidence for a finding of prior felony convictions under the statute. 237 Kan. at 55. Additionally, "identity of name is prima facie evidence of identity of person," and proof must be offered to overcome that presumption. *Bayha v. Mumford,* 58 Kan. 445, 446, 49 Pac. 601 (1897).

Here, the State presented three journal entries to the court at sentencing. The journal entries named Steve Greever, Steven F. Greever, and Steven Frank Greever as defendant.

Greever did not deny that he was the same person named in the journal entries. Greever's attorney only noted that "there's been no proof, no evidence submitted that this defendant is the same defendant that was in the charges that they've provided exemplary copies to, and I think it's incumbent upon the State to prove that the defendant did commit those three offenses." Greever's attorney noted that Greever had committed the offenses in 1984 and 1985 and that the theft and attempted aggravated robbery were part of the same criminal activity and should be

treated as only one prior conviction. The argument concerning proof of identity appeared to be an afterthought thrown into the middle of the discussion of Greever's prior convictions. Given the similarity in names, the admissions by Greever's counsel, the lack of denial of identity, and the failure to provide any rebuttal evidence as to identity, admission of these journal entries as evidence of prior convictions was not an abuse of judicial discretion.

Both parties agree that the journal entry of sentencing signed by the trial judge does not contain the required information. The parties also agree that the case should at least be remanded with instructions that the court issue a journal entry containing the required information. We agree.

During sentencing, "[i]f the sentence is increased because defendant previously has been convicted of one or more felonies the record shall contain a statement of each of such previous convictions, showing the date, in what court, of what crime and a brief statement of the evidence relied upon by the court in finding such previous convictions." K.S.A. 1993 Supp. 22-3426(d).

Greever argues that because K.S.A. 1993 Supp. 21-4504 is subject to "many different interpretations" it should be declared unconstitutionally vague. He cites *State v. Kirby*, 222 Kan. 1, 563 P.2d 408 (1977), in support of his argument. The State argues that although subject to different interpretations, the statute is clear when viewed in light of its history and intent.

"The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. . . . At its heart the test for vagueness is a commonsense determination of fundamental fairness. [Citation omitted.] . . . [T]he constitutionality of a statute is presumed. . . . If there is any reasonable way to construe a statute to be constitutionally valid, the court should do so." 222 Kan. at 4.

Given this test and the above discussion concerning its interpretation, we conclude that K.S.A. 1993 Supp. 21-4504 is not unconstitutionally vague. Neither party cites any prior cases which question the clarity or vagueness of the statute. Based on our construction, the discussion above presents a reasonable way to

construe the statute to be constitutionally valid. The language of the statute conveys a definite warning that habitual criminals will be given enhanced sentences.

Greever's sentence is vacated, and the case is remanded with instructions that the trial judge exclude consideration of prior felonies which are article 34, 35, or 36 crimes under chapter 21 for purposes of enhancing the sentence. "[U]pon resentencing the court may consider evidence of any other prior felony conviction that could have been utilized under . . . this section, at the time the original sentence was imposed, whether or not it was introduced at that time." K.S.A. 1993 Supp. 21-4504(d). The trial court is also instructed to journalize the sentence as required by K.S.A. 1993 Supp. 22-3426.