(893 P.2d 252)
No. 71,892

LARRY E. RICE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 24, 1995.

*Rick Kittel*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ann L. Smith*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., LEWIS, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

BRAZIL, J.: Larry E. Rice appeals the denial of his petition filed pursuant to K.S.A. 60-1507, alleging that the 1990 amendments to K.S.A. 21-4504 should be retroactively applied to his sentence. We disagree and affirm the trial court.

Rice was sentenced pursuant to K.S.A. 21-4504, which stated that a sentence could be doubled if one past felony conviction existed or tripled if two or more past felony convictions existed. No distinction was placed on the type of felony necessary to war-

rant application of the enhancement statute. The statute was amended in 1989 and 1990, resulting in the version to which Rice cites, K.S.A. 1991 Supp. 21-4504.

The Kansas Court of Appeals interpreted the amendments to K.S.A. 21-4504 in *State v. Greever*, 19 Kan. App. 2d 893, 878 P.2d 838 (1994). The appellate court decided that due to the 1989 and 1990 amendments to K.S.A. 21-4504, sentences for article 34, 35, or 36 crimes could only be enhanced for previous article 34, 35, or 36 convictions or comparable felony offenses from the federal system or other states, and sentences for felonies not classified as article 34, 35, or 36 crimes could only be enhanced for prior convictions of non-article 34, 35, or 36 convictions or comparable offenses. 19 Kan. App. 2d 893, Syl. ¶ 6. Article 34, 35, or 36 convictions could not be used to enhance a sentence for a non-article 34, 35, or 36 crime, and vice versa. See 19 Kan. App. 2d at 898-99.

Under K.S.A. 1991 Supp. 21-4504, Rice's sentences for rape, aggravated assault, and aggravated battery could not be enhanced by his previous convictions for theft and burglary. Thus, retroactive application of the statute would warrant reconsideration of Rice's controlling sentence.

The general standard of review for an appeal from a K.S.A. 60-1507 action directs the appellate court to ask whether the factual findings by the trial court are supported by substantial competent evidence and whether these findings are sufficient to support the relevant conclusions of law. *Taylor v. State*, 252 Kan. 98, 103, 843 P.2d 682 (1992). In the present appeal, the facts are not disputed. The issue is one of statutory construction that requires the appellate court to ask whether the court arrived at a correct legal conclusion when it decided that K.S.A. 1991 Supp. 21-4504 did not apply retroactively. Statutory interpretation is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). The appellate courts apply an unlimited standard of review to conclusions of law. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). Our review indicates that K.S.A. 1991 Supp. 21-4504 does not apply retroactively.

A statute applies prospectively unless its language clearly indicates that the legislature intended it to operate retroactively.

*State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991); *In re Application of Noel for Discharge Hearing*, 17 Kan. App. 2d 303, 315, 838 P.2d 336 (1992). The first question is what the legislative intent was regarding retroactive application of the statute. The legislature is presumed to act with full knowledge of relevant judicial decisions. See *State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 (1988). Specifically, the legislature is aware of the judicial position regarding prospective application of a statute. The courts have noted examples of statutory language included to reflect retroactive application. See 248 Kan. at 106. No language within *any* statutory variation of K.S.A. 1991 Supp. 21-4504 has indicated the statute should be applied retroactively.

An exception exists to the legislative intent requirement. A statute or statutory amendment that announces a procedural or remedial change and does not prejudicially affect the substantial rights of the parties applies retroactively. 248 Kan. at 106. The determinative question is whether the statute is substantive criminal law. A substantive law is one which makes an act criminal and prescribes the punishment for that act. *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980). A procedural law regulates or provides the steps by which an individual is punished for a criminal act. 228 Kan. at 287 (citing *State v. Augustine*, 197 Kan. 207, Syl. ¶ 1, 416 P.2d 281 [1966]).

Rice argues that K.S.A. 1991 Supp. 21-4504 announces a procedural change in the sentence enhancement statute. He cites to the Court of Appeals decision in *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, 812 P.2d 761 (1991). In *Lamb*, this court reviewed K.S.A. 22-3717(h) and the legislature's amendment to the frequency of opportunities available to prove parole suitability. Because the amendment did not alter the substantive criteria for parole eligibility, the change was procedural and applied retroactively. 15 Kan. App. 2d at 609-10. Rice claims that K.S.A. 1991 Supp. 21-4504 constitutes a mere change in the procedural steps necessary to prove prior convictions for sentence enhancement. This argument is unpersuasive.

The purpose of K.S.A. 21-4504 is to provide additional penalties for the commission of felonies subsequent to the first one, and

thereby strive to deter the criminally inclined from repeated felonies. *Greever*, 19 Kan. App. 2d at 898. In *State v. Ogden*, 210 Kan. 510, Syl. ¶ 10, 502 P.2d 654 (1972), the Kansas Supreme Court stated that K.S.A. 1971 Supp. 21-4504 applied prospectively to offenses committed after its enactment. As discussed in *Greever*, "The 1989 amendments were added to draw distinctions between habitual offenders of article 34, 35, or 36 felonies and those convicted of other felonies. The 1990 amendments were meant to 'clarify the previous convictions to which the section applies.'" 19 Kan. App. 2d at 897-98 (citing 11 Vernon's Kansas Crim. Code § 21-4504 [1994 Supp.]).

The Kansas Supreme Court rejected an argument for retroactive application of the 1989 amendment to K.S.A. 21-4504 in *State v. Mayberry*, 248 Kan. 369, 807 P.2d 86 (1991). In *Mayberry*, an individual's 1989 sentences for murder and aggravated burglary were enhanced under K.S.A. 21-4504. After commission of the crimes, but prior to trial and sentence, the 1989 amendment to K.S.A. 21-4504 was enacted. This amendment required the conviction of a second article 34, 35, or 36 crime to warrant sentence enhancement. See K.S.A. 1989 Supp. 21-4504(a). Mayberry argued for application of the amended version of K.S.A. 21-4504 because it prevented enhancement. 248 Kan. at 386-87. His brief argued that the revised statute was remedial and did not constitute a substantive change in the sentence applicable to the crime.

The Kansas Supreme Court found Mayberry's argument to be misplaced. The court refused to apply the 1989 amendment because K.S.A. 21-4504 was the applicable statute when the crimes were committed. Statutes and criminal penalties in effect at the time of a criminal offense control the imposition of sentence. The court found that Mayberry's sentences were properly enhanced. 248 Kan. at 387.

In this case, the district court relied upon the decision in *State v. Hutchison*, 228 Kan. 279. In *Hutchison*, a 16-year-old defendant was sentenced pursuant to a mandatory firearm sentencing statute (K.S.A. 1976 Supp. 21-4618) that applied to all persons regardless of age. The statute was then amended and its appli-

cation limited to crimes committed by individuals over the age of 18. Hutchison argued for retroactive application of the statute. The court discussed the general rule for prospective application of statutes that affect the length of a criminal sentence. The court also noted the legislature expressly stated that the statute applied prospectively. 228 Kan. at 287. The court decided the amendment did not apply retroactively.

K.S.A. 1991 Supp. 21-4504 clearly sets forth standards for increasing the length of a criminal penalty. The language of the 1990 amendment, although inserted for clarification, was substantive because it affected the criteria by which enhancement was imposed. The changes were not merely procedural. The decisions in *Mayberry* and *Hutchison*, as well as the general rules governing retroactive application of a statute, clearly demonstrate that K.S.A. 1991 Supp. 21-4504 applies prospectively.

Finally, Rice argues that if the court determines that the 1990 amendments to K.S.A. 21-4504 are substantive rather than procedural, then they should still apply retroactively based on K.S.A. 1991 Supp. 22-3717(n) and K.A.R. 44-6-107(a). These provisions direct that an inmate receive the benefit of changes in parole provisions that favorably affect computation of parole eligibility. These provisions are neither applicable nor instructive because they deal solely with parole and not computation of sentence length.

Affirmed.