(164 P.3d 841)
No. 96,494

STATE OF KANSAS, *Appellee,* v. MAURICE KIMSEY, *Appellant.*

Opinion filed August 17, 2007.

*Michelle Davis,* of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.

MARQUARDT, J.: Maurice Kimsey appeals the trial court's summary denial of his motion to correct an illegal sentence. We vacate Kimsey's sentence and remand with directions.

In May 1990, Kimsey was charged with one count of aggravated battery against a law enforcement officer, one count of aggravated burglary, one count of aggravated assault, one count of kidnapping, and one count of aggravated robbery. Kimsey and the State agreed to allow Kimsey to enter a no contest plea to the burglary, kidnapping, assault, and robbery charges. The State agreed to dismiss the charge of aggravated battery against a law enforcement officer and recommend a controlling sentence of 76 years to life plus 60 years.

Prior to the plea and sentencing, the State filed a motion to impose the Habitual Criminal Act (HCA). A hearing was held and the trial court accepted Kimsey's plea. The trial court concluded that the HCA should apply and granted the State's motion. Kimsey was sentenced to 10 to 40 years for aggravated burglary, 6 to 20 years for aggravated assault, 30 years to life for kidnapping, and 30 years to life for aggravated robbery. The sentences were ordered to run consecutively.

In March 2004, Kimsey filed a pro se motion claiming that his sentence is illegal because the trial court used an article 37 offense, the aggravated burglary charge, to enhance offenses listed in other chapters in the Kansas Criminal Code.

The State responded by claiming that Kimsey did not object to his criminal history or the sentence enhancement at sentencing. The State urged the trial court to deny Kimsey's motion, arguing that there was no substantial question of law or triable issue of fact. The trial court summarily dismissed Kimsey's motion. Kimsey appeals.

On appeal, Kimsey claims that the trial court applied the use of the 1987 version of the HCA, as suggested by the State, even though his crimes were committed in 1990.

### Standard of Review

The decision of whether to hold an evidentiary hearing on a motion to correct an illegal sentence is subject to an abuse of discretion standard of review. *State v. Davis*, 271 Kan. 892, 894, 26 P.3d 681 (2001). Whether a sentence is illegal is a question of law over which the appellate court's review is unlimited. *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004).

## Statute Governing the Crime

Kimsey claims that the trial court erred when it sentenced him pursuant to K.S.A. 1987 Supp. 21-4504(c). He argues that he should have been sentenced pursuant to K.S.A. 1989 Supp. 21-4504(c). Kimsey cites *State v. Greever*, 19 Kan. App. 2d 893, 878 P.2d 838 (1994), to support his position that an article 37 conviction can only be enhanced by prior crimes other than article 34, 35, or 36 crimes.

It is undisputed that Kimsey's crimes occurred in May 1990. The criminal statutes and penalties in effect at the time of the criminal act are controlling. *State v. Martin*, 270 Kan. 603, 605, 17 P.3d 344 (2001).

The State's motion to impose the HCA clearly shows that the State relied on K.S.A. 1987 Supp. 21-4504. The State concedes that Kimsey's article 34 convictions cannot be used to enhance Kimsey's article 37 conviction for aggravated burglary, and acknowledges that his sentence must be vacated and the case remanded for resentencing. We agree. Therefore, Kimsey's sentence is vacated and the case is remanded to the trial court with directions to sentence Kimsey pursuant to K.S.A. 1989 Supp. 21-4504.

## Convictions from Other Jurisdictions

Kimsey also argues on appeal that his sentence is illegal because K.S.A. 1989 Supp. 21-4504 did not authorize enhancement for prior convictions from other jurisdictions. Kimsey notes that K.S.A. 1989 Supp. 21-4504(a) allows enhancement for a second conviction of a chapter 21, article 34, 35, or 36 Kansas crime. Crimes from other jurisdictions are not mentioned. Kimsey notes that the K.S.A. 1990 Supp. 21-4504, enacted after his crimes were committed, allowed the use of comparable convictions from other states to be used when sentencing an individual who has been convicted in Kansas.

Kimsey's prior convictions from other jurisdictions were aggravated robbery from McLennan County, Texas, and robbery by assault with firearms from Bexar County, Texas. Both of these crimes would seem to roughly compare to Kansas' aggravated robbery statute, K.S.A. 21-3427. The crimes to which Kimsey pled no con-

test in this case were all article 34 offenses except for the aggravated burglary charge, which is codified at K.S.A. 21-3716.

Prior to the 1989 amendment to the statute, authenticated copies of foreign convictions could be used by the State to seek sentence enhancement pursuant to the HCA. See *State v. Baker*, 237 Kan. 54, 55, 697 P.2d 1267 (1985). In fact, a crime did not need to be a felony in Kansas so long as it was a felony under the laws of the foreign jurisdiction. *State v. Crichton*, 13 Kan. App. 2d 213, 216, 766 P.2d 832 (1988), *rev. denied* 244 Kan. 739 (1989).

K.S.A. 1989 Supp. 21-4504 clearly specifies that the felony conviction had to be listed in article 34, 35, or 36 of chapter 21 of Kansas Statutes Annotated. In 1990, the legislature added the following language: "after having previously been convicted of any such felony or comparable felony under the laws of another state, the federal government or a foreign government . . . ." L. 1990, ch. 100, sec. 4.

We are unable to find prior case law analyzing the meaning of the additional language which was added to the statute in 1990. Generally, the fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

We believe the language added in 1990 is significant. When the legislature revises a law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88-89, 106 P.3d 492 (2005). Keeping this in mind, the 1990 amendment has no effect unless the 1989 version of the statute meant to only allow enhancement if the prior convictions were for violations of the Kansas Statutes Annotated; in other words, convictions from this jurisdiction only.

Under K.S.A. 1989 Supp. 21-4504, Kimsey's sentence could not be enhanced by convictions from other jurisdictions. Therefore, the trial court erred by enhancing Kimsey's sentence. Since Kimsey's sentence is vacated on issue 1, the trial court, when resentencing Kimsey, should not enhance his sentence because of his convictions from another jurisdiction.

Kimsey's sentence is vacated; we remand this case to the trial court with directions consistent with this opinion.