BAYHA, BARBER & LIST v. MORRISON MUMFORD *et al.*
**No. 10041.**

1. CREDIBILITY OF WITNESS—*record of conviction of person of same name competent to affect, without proving identity.* For the purpose of affecting the credibility of a witness produced by the plaintiffs, it is competent for the defendants to introduce an authenticated record showing a conviction for felony of a person of the same name as the witness, without other proof that the person convicted was the same one who testified as a witness in the case.

2. IDENTITY OF NAME—*personal identity presumed from, in absence of proof to contrary.* Ordinarily, identity of name is *prima facie* evidence of identity of person, and it devolves upon those who deny the identity to overcome the presumption by proof.

3. EVIDENCE EXAMINED—*and held sufficient.* Evidence examined, and held to be sufficient to support the findings and judgment of the court.

Error from Barton District Court. Hon. J. H. Bailey, Judge. Opinion filed July 10, 1897. *Affirmed.*

*William Osmond,* for plaintiffs in error ; *James Scammon* and *Samuel Maher,* for cross-petitioners.

*Elrick C. Cole* and *Karnes, Holmes & Krauthoff,* for defendants in error.

JOHNSTON, J. This was an action in the nature of a creditor's bill, in which the honesty and validity of certain transactions and transfers, had and made between the Kansas City Times Company, Morrison Mumford, Chas. E. Hasbrook, J. K. McLain, and others incidentally connected with them, were challenged. The trial court found the transactions to be free from fraud and the transfers to be valid. It is argued here that the findings are without support ; but after reading the testimony we readily conclude that there is some testimony, indeed considerable testimony, tend-

ing to sustain the findings of the court; and the controversy on this point is therefore finally settled.

It is contended that the court erred in the admission of evidence. The testimony of Alexander Belford was introduced in behalf of the plaintiffs; and, for the purpose of impeachment, the defendants offered a record showing the conviction of Alexander Belford in 1874, in the District Court of Shawnee County, Kansas, upon a charge of embezzlement, and further, that the punishment adjudged was imprisonment in the state pententiary for a term of two years. The proof offered was in form a duly authenticated copy of the record of the conviction; but it is contended by plaintiffs that the testimony was not admissible without other proof showing that the Alexander Belford who was convicted and sentenced to the penitentiary was the same Alexander Belford who testified as a witness in the case. Belford having been introduced as a witness, his credibility became a legitimate subject of inquiry; and it was competent for the defendants to introduce the record of conviction for the purpose of affecting his credibility. It is a well-established rule that identity of name is *prima facie* evidence of identity of person, and it devolves upon those who deny the identity to overcome the presumption by proof. *Flournoy v. Warden,* 17 Mo. 435; *The State v. Moore,* 61 id. 276; *The State v. McGuire,* 87 id. 642; *Hatcher v. Rocheleau,* 18 N. Y. 86; *Wilson v. Holt,* 83 Ala. 528; *Campbell v. Wallace,* 46 Mich. 320; 9 Am. & Eng. Encyc. of Law, 863.

The point argued concerning the burden of proof is not fairly presented in the record, and, so far as appears, furnishes the plaintiffs no ground of complaint.

We find no error in the record, and therefore the judgment of the district court will be affirmed.