No. 24,665.

THE STATE OF KANSAS, *Appellee*, v. THOMAS BIZER, *Appellant*.

### SYLLABUS BY THE COURT.

LIQUOR LAW—*Persistent Violator—Court Record of Former Conviction of one Having Same Name—Personal Identity Ordinarily Presumed.* Where one is prosecuted, charged with being a persistent violator of the intoxicating liquor law, and a record of the former conviction of a person by the same name is offered in evidence, *held,* sufficient on that point to sustain a verdict of guilty without other evidence of the identity of the parties.

Appeal from Geary district court; CASSIUS M. CLARK, judge. Opinion filed June 9, 1923. Affirmed.

*Elisha Scott,* and *R. M. Van Dyne,* both of Topeka, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *L. B. Morris,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Thomas Bizer was charged with unlawfully having intoxicating liquor in his possession on May 12, 1922, in Geary county, and that he had been convicted of having violated the prohibitory liquor law of this state in that county on the 6th day of July, 1918. He was tried to a jury, found guilty, and sentenced, and has appealed. There was ample evidence to show his possession of intoxicating liquor for unlawful purposes in Junction City on May 12, 1922. To establish the former conviction the state offered in evidence a certified transcript of the record of the conviction of one Thomas Bizer on July 6, 1918, before a justice of the peace at Junction City. Defendant objected to the introduction of this record "on the ground that it is incompetent and irrelevant and not the proper medium to prove the prior conviction in this case and for the further reason that there is no evidence to show that Thomas Bizer, as mentioned in this transcript, is the same Thomas Bizer on

trial in this case." This objection was overruled. At the close of the evidence on behalf of the state, defendant moved for a peremptory instruction of not guilty, "for the reason that the evidence is not sufficient to constitute a public offense or the offense that is charged in this information and to connect this defendant with the particular offense charged in the information."

Appellant now makes the point that the identity of name of the defendant on trial with the name of the defendant shown by the record to have been formerly convicted is not sufficient, of itself, without other evidence of identity of the parties, to sustain the verdict finding defendant guilty as a persistent violator.

The presumption of the identity of parties arising from the identity of names may be strong or weak, depending upon many circumstances. If the name is a common one the presumption is not so strong as if the name is unusual. The relation of time, place, and circumstances have much bearing upon the force to be given to the presumption. In 22 C. J. 92 it was said:

"It is an inference of fact that identity of name indicates an identity of person and it has been held that the court itself will assume the inference to be correct in the absence of evidence to the contrary."

And also:

"The strength of the inference may be augmented by the fact that the name is not of common occurrence or that there is other identification. . . . On the other hand, the strength of the inference depends largely upon circumstances, and these may defeat entirely the presumption that would arise otherwise from mere identity of name." (p. 93.)

It was also said:

"Identity cannot be inferred where evidence is introduced to contradict the inference." (p. 94.)

And it was also said:

"A conflicting presumption of law, such as a presumption of innocence, . . . may overcome the presumption of identity of person arising from identity of name." (p. 94.)

In *Bayha v. Mumford,* 58 Kan. 445, 49 Pac. 601, it was held:

"Ordinarily, identity of name is *prima facie* evidence of identity of person, and it devolves upon those who deny the identity to overcome the presumption by proof."

In the foregoing case the question arose in a civil action in which a party sought to discredit a witness by the introduction of a record

of his conviction of a crime without any evidence of the identity of parties except that arising from the identity of name.

This case is referred to in *Ayers v. Ratshesky*, 213 Mass. 589, where it was said: "The statement has been made broadly that identity of names is sufficient evidence to warrant the inference of identity of person." (p. 593, citing 58 Kan. 445 and other cases.) But the opinion says this states the matter too broadly and cites a number of cases holding that where a prior conviction of a crime is an essential element of the crime charged, mere identity of name is not enough to sustain the burden of proof beyond reasonable doubt. And it was there held that in the light of these principles, bald identity of name, without other confirmatory facts or circumstances, is not enough to indicate identity of person.

In *State v. Lashus*, 79 Maine, 504, it was held: "A record is admissible to show prior conviction," and that "The identity of the respondent with the person named in such record is a question of fact for the jury." The court said:

"The identity of name is some evidence of identity of person, more or less potent according to the connecting circumstances, but it is not, certainly in this case, sufficiently conclusive to authorize the court to take it from the jury and treat it as a question of law." (p. 506.)

In *Rex v. Leach*, 17 Ont. L. R. 643, 14 Ann. Cas. 580. being a prosecution under a statute similar to the one here involved, the court said:

"In such a prosecution a certificate of conviction of a person of the same name as the accused is some evidence of a prior conviction of the accused, the weight of the evidence as to identity of the accused with the person named in the certificate being for the determination of the magistrate."

It should be noted that the magistrate was the trier of fact. This case is especially well reasoned, most of the available authorities being collected.

But, in this case we have a statute which makes this record admissible. Section 5542 of the General Statutes of 1915 reads as follows:

"A true copy of the journal entry of judgment or of the docket or other proper court record showing the former conviction of the defendant from any district court, justice court or city court within the state of Kansas, supported by a certificate or affidavit of its authenticity, shall be *prima facie* evidence of a former conviction of the defendant."

It will be noted that the wording of this statute seems to make the record *prima facie* evidence of the former conviction of the person

then on trial, but whether the correct interpretation of the statute goes to that length or not, it is certain that this statute makes the record of the former conviction admissible in evidence. It being in evidence, it then is unquestionably competent for the jury to weigh it, together with all the other evidence in the case, in determining whether or not this defendant was formerly convicted of the violation of the intoxicating liquor law. In doing so, they would naturally note that the name in both cases is Thomas Bizer, rather an unusual name; that the alleged former conviction was in the same county and city where the present case was being tried and where the evidence showed the defendant lived; that the character of the offenses was the same, and such other matters as might tend to disclose or fail to disclose the identity of the parties in the two cases. Certainly, under this situation, we cannot say that the jury did not have evidence before it upon which it was justified in finding that the person then on trial was the same person named in the record of the former conviction and that such evidence was sufficient to overcome the presumption of innocence.

Some other questions are presented, though not seriously urged. We have examined them and find no merit in them.

The judgment of the court below will be affirmed.

HOPKINS, J., not sitting.