No. 56,660

STATE OF KANSAS, *Appellee,* v. KENNETH CRAIG BAKER, *Appellant.*
(697 P.2d 1267)

Opinion filed April 5, 1985.

*Joel W. Meinecke,* of Topeka, was on the brief for appellant.

*Calvin K. Williams,* Osage county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Kenneth Craig Baker, appeals from his conviction of murder in the first degree, K.S.A. 21-3401, by a jury in Osage District Court. The trial court found that this was Baker's second felony conviction and imposed consecutive life sentences upon him. Defendant contends that the evidence upon which the trial court made its finding that he had a prior felony conviction was improper, and that the court erred in imposing consecutive life sentences.

Prior to the date set for sentencing, and on September 26, 1983, the State filed a notice that it intended to invoke the provisions of K.S.A. 21-4504 and that at the time of sentencing it would produce evidence of a prior felony conviction of this defendant in the District Court of Shawnee County, Kansas, in the case of *State v. Baker,* Case No. 29,840. At the sentencing hearing held on October 14, 1983, the State offered and the court received in evidence a copy of the journal entry of conviction in the Shawnee County case, certified by the clerk of that court. The defendant objected at that time to the reception of the certified copy into evidence, and contended that the journal entry alone was insufficient evidence that this defendant had been convicted of a prior felony. Defendant makes the same argument on appeal. He contends that though the evidence indicates someone with the same name and middle initial as the defendant was convicted of a felony in Shawnee County, the

journal entry does not show that the person convicted was this defendant.

The statute, K.S.A. 21-4504, requires the sentencing court to find "from competent evidence the fact of former convictions for felony committed by the prisoner, in or out of the state." Copies of official records are admissible in evidence as an exception to the hearsay rule. K.S.A. 60-460(o). Copies of the records of courts within this state need only be *attested* by the officer having custody thereof. K.S.A. 60-465 provides in applicable part:

"A writing purporting to be a copy of an official record or of an entry therein, meets the requirements of authentication if . . . (3) the office in which the record is kept is within this state and the writing is attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record. . . ."

Copies of documents coming from courts of other states should not only be attested or certified, but should be authenticated. See K.S.A. 60-465(4).

The copy of the record introduced in this case came from a Kansas court and was certified as a true and correct copy. The word "attest" is defined in Black's Law Dictionary 163 (4th ed. rev. 1968) as "to certify to the verity of a copy of a public document." Thus, the document was "attested" and was admissible in evidence.

In *State v. Voiles*, 226 Kan. 469, 601 P.2d 1121 (1979), the State, in support of its request for invocation of the Habitual Criminal Act and enhanced penalties, introduced at the time of sentencing a certified copy of a journal entry from the district court of a Kansas court, and certified copies of records from Arkansas, all of which disclosed prior felony violations. The Arkansas copies were not authenticated. We said:

"While authenticated copies of the records may have been preferable, there is no showing of any defect in the certified copies and they constituted competent evidence of the former convictions." 226 Kan. at 472.

While defendant objected to the evidence introduced by the State on technical grounds, he did not then contend that he is not the same person named in the Shawnee County journal entry by which the State introduced competent evidence of a prior felony conviction of the accused; he did not dispute or refute the evidence. We conclude that the trial court did not err in finding that the defendant had a prior felony conviction.

Defendant's other point is that the trial court erred in imposing an increased sentence under K.S.A. 21-4504, when defendant was convicted of first-degree murder, a class A felony punishable by life imprisonment. K.S.A. 21-4501. Defendant contends simply that one convicted of a class A felony must be sentenced to life imprisonment and that the conviction cannot be enhanced under the Habitual Criminal Act.

In 1970 we decided *State v. Beasley,* 205 Kan. 253, 469 P.2d 453 (1970), *cert. denied* 401 U.S. 919 (1971). Defendant in that case was convicted of murder in the first degree and, under the then-applicable statutes, the jury fixed his punishment at confinement and hard labor at the Kansas State Penitentiary for life. The State invoked the then-applicable Habitual Criminal Act, K.S.A. 21-107a (Corrick), and the trial court imposed consecutive life sentences. On appeal, Beasley contended that the sentence was void in that under the then-applicable statute it was the jury and the jury alone which had the duty of determining the penalty to be inflicted; the legislature did not intend that the Habitual Criminal Act should be applied in capital cases; and, if the sentence was not held void, he was at least entitled to have the life sentences run concurrently. In affirming the judgment of the district court, we said:

"Beasley has cited no cases from this jurisdiction, and we know of none, which prohibits the imposition of a sentence as was imposed in the instant case. K.S.A. 21-107a applies when a person is 'convicted a second time of a felony.' It is conceded Beasley had a prior felony conviction. In *State v. Ricks,* 173 Kan. 660, 250 P.2d 773 it was *held:*

'G.S. 1949, 21-107a is a law of general application and creates no exceptions with respect to any particular second or third felony previously committed.' (Syl. ¶ 2.)

And in the opinion it was stated:

'The avowed purpose and salutary provisions of the habitual criminal law as a disciplinary measure for those whom previous conviction and punishment have failed to reform were stated early in *State v. Woodman,* [127 Kan. 166, 272 Pac. 132 (1928)] and need not be repeated here.' (l.c.661.)

"In *Johnson v. Crouse,* 191 Kan. 694, 383 P.2d 978, it was said:

'. . . Our habitual criminal act merely provides a more severe penalty for the commission of a felony by an habitual criminal than by one who is a first time offender . . .' (l.c. 700.)

"Contrary to Beasley's contention, the sentences are not to run concurrently. In fact, the sentence is to be doubled." 205 Kan. at 259-60.

*Beasley* dealt with K.S.A. 21-107a (Corrick), which has since been repealed. However, even though the language of the suc-

cessor statute, K.S.A. 21-4504, is different, the legislative purpose and intent behind our present statute is clearly the same as it was behind 21-107a. There is no language, either specifically or implicitly, in 21-4504 which excepts life sentences from enhancement. We conclude that the rationale of *Beasley* is controlling and that the trial court did not err in imposing sentence.

The judgment is affirmed.