71,557

STATE OF KANSAS, *Appellee,* v. FRANKLIN E. PATTERSON,
*Appellant.*
(896 P.2d 1056)

 Opinion filed
June 2, 1995. 

*Hazel Haupt,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Debra S. Peterson,* assistant district attorney, argued the cause, and *Mark Jordan,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The defendant, Franklin E. Patterson, contends that the sentence imposed after his 1987 conviction for first-degree murder was illegal and appeals from the district court's denial of his motion for an order nunc pro tunc.

The sole issue raised by defendant is whether the sentence imposed is ambiguous or incorrect. In 1987, defendant was convicted by a jury of one count of first-degree murder, one count of aggravated kidnapping, and one count of aggravated robbery. The State sought imposition of the Habitual Criminal Act. Finding that defendant had two previous felony convictions, the district court stated:

"With respect to all three counts, I will invoke the Habitual Criminal Act and will triple the sentence imposed. Count Number 1, murder in the first degree, I'll impose the sentence prescribed by statute, that is life. Count Number 2, aggravated kidnapping, I'll invoke the sentence set forth in the statute, that is life. In Count Number 3, I will impose the maximum minimum sentence of fifteen

years and triple that sentence. And I will impose the maximum life—I mean the maximum sentence provided by law, that being life. Count Number 2 will run consecutive to Count Number 1; Count Number 3 will run concurrent with Count Number 2 but consecutive to Count Number 1."

On direct appeal, defendant's conviction of aggravated kidnapping was reversed, and the sentence for that conviction was vacated.

The issue in the present case was raised by a pro se motion filed by defendant in the district court in October 1993. He alleged that his sentence was illegal and requested a nunc pro tunc order to correct it. The district court denied the motion on the ground that the sentence is not illegal.

The offense for which defendant received the sentence in question occurred in 1986. The controlling penalty provisions are those in effect at the time the offense was committed. *State v. Sutherland*, 248 Kan. 96, 107-08, 804 P.2d 970 (1991). K.S.A. 21-4504(b) is the pertinent habitual criminal provision. It provided in part:

"If a defendant is convicted of a felony a third or subsequent time, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

. . . .

"(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime."

Based on this provision, the district court sentenced defendant to "imprisonment for a period of three (3) Life terms on the charge of First Degree Murder."

It is defendant's basic position that, irrespective of the sentencing judge's intention, the sentence for murder cannot exceed one life term of imprisonment. He contends that the sentence is ambiguous and, therefore, illegal. See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 4, 720 P.2d 1059 (1986). With regard to this court's jurisdiction, it recently was stated:

"This court has general statutory jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order, or judgment is just, legal, and free of abuse. K.S.A. 1992 Supp. 60-2101(b). The court has specific statutory jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504." *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 (1994).

Among the arguments made by defendant is that because the sentencing judge did not specify that the three life terms for murder were to run consecutively, they must run concurrently. Defendant cites *State v. Royse*, 252 Kan. 394, 845 P.2d 44 (1993), as authority for his argument. In *Royse*, the court stated: "K.S.A. 1991 Supp. 21-4608(1) provides in part that '[w]henever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently.'" 252 Kan. at 396. However, in *Royse*, the trial court imposed maximum sentences for two separate counts of second-degree murder. The imposition of the Habitual Criminal Act was not involved.

The State correctly notes that K.S.A. 21-4608 applies only when there are separate sentences of imprisonment for different crimes and not to a single sentence for a single crime. The statute provides in pertinent part:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently . . . ." K.S.A. 21-4608(a).

In imposing the Habitual Criminal Act for the conviction of first-degree murder, the court was not imposing "separate sentences of imprisonment for different crimes." K.S.A. 21-4608 has no application in the sentence imposed on defendant for first-degree murder.

Defendant also argues that tripling a life term is not like tripling a term of a certain number of years. Tripling a 15-year term of imprisonment, for example, results in a 45-year term. It is a matter of multiplying 3 times 15. Defendant contends that tripling a life term, "like the result of multiplying by any non-numerical factor, is not obviously three consecutive life terms. Three times either zero or infinity remains zero or infinity; likewise, three times life remains life, unless the court unambiguously pronounces consecutive terms." For support of this contention, defendant relies on

*State v. Pink*, 236 Kan. 715, 696 P.2d 358 (1985), *overruled on other grounds State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). In *Pink*, defendant Baldwin argued that the sentence pronounced by the district court judge did not match the sentence in the journal entry. 236 Kan. at 730. The court stated:

> "We have read the statement made by the trial judge in sentencing Baldwin and find it clear that the court doubled the maximum Class B penalties in each of the Class B sentences by virtue of the Habitual Criminal Act, *and did not double the Class A penalty because doubling a life penalty would be an exercise in futility.* Baldwin argues that the court sentenced without enhancement under the Habitual Criminal Act. The defendant's position is simply not supported by the record. The journal entry correctly reflects the sentence as imposed at the sentencing hearing." (Emphasis added.) 236 Kan. at 730.

Clearly, the imposition of the Habitual Criminal Act for conviction of a class A felony was not at issue. This court was merely reporting what the sentencing judge said with regard to doubling a life penalty. The question which was considered by the court was whether the in-court pronouncement of sentence matched the journal entry. The question whether doubling a life sentence was futile was not before the court and was not considered by the court. This statement is not controlling, nor do we interpret it as an endorsement by this court of the sentencing judge's belief.

We note that defendant makes his "exercise in futility" argument without reference to K.S.A. 22-3717(b), which, at the time defendant was sentenced, provided eligibility for parole "after serving 15 years of confinement, without deduction of any good time credits." We also note that it would be a real exercise in futility to invoke the Habitual Criminal Act for a defendant with a life sentence if, as defendant contends, the tripled sentence could run concurrently. As the State suggests, it is contrary to common sense to speak of a sentence which runs concurrent with or consecutive to itself. A life sentence enhanced by application of the habitual criminal provision remains a single sentence for a single offense.

Defendant seems to be arguing that, at best, the habitual criminal provision is ambiguous with regard to imposing a sentence of three times the greatest maximum sentence authorized. He cites

*State v. Hooks*, 251 Kan. 755, 760, 840 P.2d 483 (1992), for the following rules of construction:

> "Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *State v. Cole*, 238 Kan. 370, Syl. ¶ 2."

We do not find 21-4504 to be ambiguous. The purpose of the habitual criminal provision of 21-4504 is to sanction the imposition of a more severe penalty for repeat offenders. The sentence under 21-4504 is to double or triple the sentence. By the very nature and purpose of the habitual criminal provision of 21-4504, a concurrent sentence is not an alternative. In *State v. Baker*, 237 Kan. 54, 697 P.2d 1267 (1985), the defendant contended that a conviction for first-degree murder, punishable by life imprisonment, cannot be enhanced under the Habitual Criminal Act. This court disagreed, relying on *State v. Beasley*, 205 Kan. 253, 469 P.2d 453 (1970), *cert. denied* 401 U.S. 919 (1971), in which this court affirmed application of the Habitual Criminal Act to a life sentence and stated:

> " 'Beasley has cited no cases from this jurisdiction, and we know of none, which prohibits the imposition of a sentence as was imposed in the instant case. K.S.A. 21-107a applies when a person is "convicted a second time of a felony." It is conceded Beasley had a prior felony conviction. In *State v. Ricks*, 173 Kan. 660, 250 P.2d 773 it was *held*:
>
> " 'G.S. 1949, 21-107a is a law of general application and creates no exceptions with respect to any particular second or third felony previously committed." (Syl. ¶ 2.)
>
> " 'And in the opinion it was stated:
>
> " 'The avowed purpose and salutary provisions of the habitual criminal law as a disciplinary measure for those whom previous conviction and punishment have failed to reform were stated early in *State v. Woodman*, [127 Kan. 166, 272 Pac. 132 (1928)] and need not be repeated here." (l.c. 661.)
>
> " 'In *Johnson v. Crouse*, 191 Kan. 694, 383 P.2d 978, it was said:
>
> " '. . . Our habitual criminal act merely provides a more severe penalty for the commission of a felony by an habitual criminal than by one who is a first time offender . . ." (l.c. 700.)
>
> " 'Contrary to Beasley's contention, the sentences are not to run concurrently. In fact, the sentence is to be doubled.' 205 Kan. at 259-60." 237 Kan. at 56.

The *Baker* court concluded: "There is no language, either specifically or implicitly, in 21-4504 which excepts life sentences from enhancement. We conclude that the rationale of *Beasley* is controlling and that the trial court did not err in imposing sentence." 237 Kan. at 57.

In the present case, the result of the district court's invoking the habitual criminal provision of 21-4504 to defendant's life sentence for first-degree murder is to impose three consecutive life sentences.

The judgment of the district court is affirmed.