(121 P.3d 462)
No. 92,851

STUDENT LOAN MARKETING ASSOCIATION, BY AND THROUGH ITS SERVICING AGENT, SALLIE MAE SERVICING, L.P., *Appellant*, v. RICHARD D. HOLLIS, *Appellee*.

Opinion filed October 14, 2005.

*Keith J. Shuttleworth*, of Cohen McNeile Pappas & Shuttleworth P.C., of Leawood, for appellant.

*Barry L. Arbuckle*, of Wichita, for appellee.

Before GREENE, P.J., PIERRON and BUSER, JJ.

BUSER, J.: Student Loan Marketing Association, by and through its servicing agent, Sallie Mae Servicing, L.P. (SLMA), filed suit against Richard D. Hollis for default on seven separate promissory

notes. These notes, in the principal amount of $83,730, were made available by the United States Department of Health and Human Services' Federal Health Education Assistance Loan Program (HEAL). SLMA appeals the district court's holding that Hollis was entitled to judgment as a matter of law due to SLMA's failure to make a prima facie case that the defendant, Hollis, was the same individual who applied for, signed or authorized the notes, and received the proceeds from these loans. We reverse and remand.

## Factual and Procedural Background

In January 2003, SLMA filed a petition in Sedgwick County District Court against Hollis alleging that he defaulted on seven promissory notes. Hollis filed a pro se answer and motion to dismiss in February 2003. In his answer and attached affidavit, Hollis denied owing any money to SLMA or that SLMA lent any money to him. Hollis also denied "any signature on any alleged copy of the alleged 'original' document or instrument being used against me." Among his affirmative defenses, Hollis claimed the notes were void due to fraud in the inducement. In particular, Hollis claimed the lender made deliberate misrepresentations "for the purpose of defrauding Defendant." After retaining counsel, Hollis filed an amended answer June 2003, wherein he restated many of his affirmative defenses.

In March 2004, the district court filed a pretrial conference order based upon the parties' completion of pretrial questionnaires. Among the issues of law identified by Hollis were: "What is the duty or obligation or undertaking by the lenders in these promissory notes, and is that duty satisfied if the lender used the Defendant's notes to be the actual funding source of any credit or money advanced to the Defendant?" Another issue of law presented by the defense was: "What is the legal effect of the Defendant's notice of renunciation?"

Hollis raised three issues of fact that were incorporated into the pretrial order. These issues dealt with whether SLMA or the various lenders used "Defendant's notes as the funding source of the alleged loans made to Defendant"; whether Hollis was "fraudulently induced to enter into these alleged loan transactions based

upon misrepresentations by the various lenders"; and "Did the Defendant sign the various notes instruments?" No issue of law or fact was raised by Hollis addressing whether he was, in fact, the "Richard D. Hollis" who applied for and obtained the seven promissory notes and received but did not repay the proceeds.

Shortly before trial, the district court entered an agreed-upon order granting SLMA's motion to amend its pleading changing its name, as plaintiff, from Sallie Mae Servicing, L.P. to the correct name of Student Loan Marketing Association, by and through its servicing agent, Sallie Mae Servicing, L.P.

The district court held a bench trial in April 2004. At the outset of the trial, Hollis moved the court for judgment on the pleadings and failure to join a necessary party. Hollis claimed Sallie Mae, Inc., a Delaware corporation, had not been made a party to the proceedings, making the original and amended pleadings defective on their face. The court overruled Hollis' motion because "[t]here was no claim set out to preserve that issue."

In its case in chief, SLMA called as its only witness, Robin Zimmerman, an employee of SLMA who worked on the health education loan litigation accounts. According to Zimmerman, SLMA was servicing seven HEAL promissory notes signed by Richard D. Hollis.

All seven promissory notes signed by Richard D. Hollis were admitted into evidence over Hollis' objection that Zimmerman had admitted she did not personally witness Hollis sign the documents. Six loan applications with Richard D. Hollis listed as the prospective borrower were also admitted into evidence over Hollis' objection.

Zimmerman testified that SLMA acquired each promissory note from various lenders. Bills of sale or purchase agreements for each promissory note were admitted into evidence over Hollis' objection. Five letters notifying the borrower of SLMA's purchase of his loans, which were sent to Richard D. Hollis, were also admitted. Zimmerman testified that SLMA did not receive any payment from Hollis after sending these letters. All seven notes went into default for nonpayment in September 2002. An amortization schedule for

each note was admitted into evidence. SLMA rested after Zimmerman's testimony.

Hollis renewed his motion for judgment on the pleadings and raised an oral motion that "there has been no testimony whatsoever that's come forth in their presentation or in any of the evidence that has verified that this is Mr. Hollis' signature." SLMA countered that it was Hollis' burden to present evidence that the signatures on the notes were not his signatures. The district court ruled: "With the absence of any evidence that ties these documents that have been admitted, these notes and various purchasing promissory notes and applications, essentially, the Court has no way to find that the defendant, Mr. Hollis, is the same one whose signature appears on the documents in question." The court granted Hollis' motion for judgment as a matter of law. SLMA requested permission to reopen its case-in-chief to call Hollis as an adverse witness. The court denied the motion.

In its journal entry of judgment, the district court found that Hollis was entitled to judgment as a matter of law because SLMA failed to carry its burden of proof as to the matters set forth in the pleadings. In particular, the court found: (1) SLMA had no independent knowledge of whether Hollis received any benefit from the promissory notes; (2) SLMA's witness did not establish personal knowledge that the notes were signed by Hollis; (3) SLMA presented no evidence to establish that Hollis is the same Richard D. Hollis who signed the notes; and (4) SLMA failed to call Hollis as an adverse witness to establish that he signed the notes.

SLMA timely appealed the court's judgment.

### Standard of Review

In 1997 the legislature modified K.S.A. 60-250 renaming a motion for a directed verdict as a motion for judgment as a matter of law. See L. 1997, ch. 173, sec. 26; K.S.A. 2004 Supp. 60-250. Accordingly, the same standard of review for a directed verdict applies to a motion for judgment as a matter of law. *Stover v. Superior Industries Int'l, Inc.*, 29 Kan. App. 2d 235, 237, 29 P.3d 967, *rev. denied* 270 Kan. 903 (2000).

" 'When ruling on a motion for directed verdict, the trial court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. A similar analysis must be applied by an appellate court when reviewing the grant or denial of a motion for directed verdict.' [Citation omitted.]" *Wilkinson v. Shoney's, Inc.,* 269 Kan. 194, 202, 4 P.3d 1149 (2000).

The district court determined Hollis was entitled to judgment as a matter of law because SLMA failed to sustain its burden of proof. When a district court makes a negative factual finding, it signifies the party having the burden of proof did not meet its burden. Such a finding will not be disturbed by an appellate court absent proof of an arbitrary disregard of undisputed evidence, or some extrinsic consideration such as bias, passion, or prejudice. *Mynatt v. Collis,* 274 Kan. 850, 872, 57 P.3d 513 (2002).

## Issue on Appeal

The issue for our review is whether, resolving all facts and inferences reasonably to be drawn from the evidence in favor of SLMA, the trial court arbitrarily disregarded the undisputed evidence when it ruled that SLMA failed to make a prima facie case that the Richard D. Hollis who applied for and received student loans but defaulted in repayment was, in fact, the defendant, Hollis.

## Identity of Name as Prima Facie Evidence of Identity of Person

In an action for breach of contract, the burden of proof is on the plaintiff to show: (1) execution and existence of the contract alleged in the petition; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; and (4) the defendant's breach insofar as such matters are in issue. *Commercial Credit Corporation v. Harris,* 212 Kan. 310, 313, 510 P.2d 1322 (1973).

In the present case, there was both testimonial and physical evidence that SLMA entered into loan agreements and provided loan proceeds which were not repaid. The issue in dispute was whether Hollis was, in fact, the Richard D. Hollis who signed the loan ap-

plications and promissory notes and received but did not repay the proceeds.

SLMA asserts it met its prima facie burden of proof by introducing documentary and testimonial evidence regarding Richard D. Hollis, which is the same name as the defendant's name. In support of its contention, SLMA relies on *Bayha v. Mumford*, 58 Kan. 445, 49 Pac. 601 (1897). In *Bayha*, an action on a creditor's bill, the appellants challenged the defendants' impeachment of a plaintiff's witness with a record of an 1874 embezzlement conviction by an individual with the identical name of the witness. The plaintiffs maintained this testimony was inadmissible without other evidence showing proof of identity that the individual who was convicted was the same person as the witness. Our Supreme Court determined the testimony was admissible because "identity of name is *prima facie* evidence of identity of person, and it devolves upon those who deny the identity to overcome the presumption by proof. [Citations omitted.]" 58 Kan. at 446.

Hollis does not dispute *Bayha's* precedential value but claims that case has been "tempered" by *State, ex rel., v. Dunn*, 118 Kan. 184, 190, 235 Pac. 132 (1925), *overruled on other grounds, Graham v. Corporon*, 196 Kan. 564, 413 P.2d 110 (1966). *Dunn* involved a proceeding in mandamus to compel the Wichita city commissioners to hold an election based upon petitions containing the names of purportedly qualified electors. Our Supreme Court cited *Bayha's* holding and paraphrased it to state that identity of a name "raises a presumption of identity of person, which presumption may be strong or weak, depending upon many circumstances." *Dunn*, 118 Kan. at 190. We read *Dunn* as being in harmony with *Bayha's* ruling that an identity of name creates a presumption of identity of person.

In more recent times, and in the context of criminal cases involving proof of prior convictions, Kansas courts have consistently applied *Bayha's* holding that "[a]bsent a denial of identity or rebuttal evidence, proof beyond the identity of the name in the document is not required for *admission of the evidence . . .* 'identity of name is prima facie evidence of identity of person,' and proof must be offered to overcome that presumption." (Emphasis

added.) *State v. Greever*, 19 Kan. App. 2d 893, 900, 878 P.2d 838 (1994) (quoting *Bayha*, 58 Kan. at 446); see *State v. Baker*, 237 Kan. 54, 54-55, 697 P.2d 1267 (1985); *State v. Cippola*, 202 Kan. 624, 629, 451 P.2d 199, *cert. denied* 396 U.S. 967 (1969); *State v. Bizer*, 113 Kan. 731, 732, 216 Pac. 303 (1923); *State v. Maggard*, 24 Kan. App. 2d 868, 878, 953 P.2d 1379, *rev. denied* 264 Kan. 823 (1998).

While acknowledging the presumption of identity of person, Hollis attempts to overcome it by suggesting that his current address in Wichita is different than the home addresses of Kansas City and Houston listed on the 1993 to 1996 loan documents. This, according to Hollis, creates "a presumption of fact that the Richard D. Hollis signing these promissory notes resides either in the Kansas City or Houston . . . area." Hollis' contention is not persuasive. First, he provides no statutory or case law support for this factual presumption of residency that he claims exists in Kansas law. Second, in both his original answer and his first amended answer Hollis averred that he was only "temporarily" residing in Wichita.

Moreover, the credibility of Hollis' argument is further compromised by the fact that in the pretrial order, Hollis did not deny he was the Richard D. Hollis involved in the loan transactions. To the contrary, Hollis raised defenses that were valid only if he was, in fact, Richard D. Hollis. In particular, Hollis alleged he was "fraudulently induced" to enter into the loan transactions based upon misrepresentations by the various lenders and that the SLMA or the various lenders improperly "used the Defendant's notes" as a funding device. Finally, Hollis' counsel in his opening statement never raised the issue of identity, but argued:

"[W]e contend that Mr. Hollis embarked on an opportunity to do his own due diligence to determine who, if anyone, was the proper party to be remitting any funds that may have been provided to him, that he did that with diligence. He made inquiry. And that his inquiry was thwarted on each and every letter from the plaintiff for the other parties, whoever they might be with regard to his inquiry as to who might be holder in due course of his note."

In summary, Hollis did not defend this case on the theory that he was not, in fact, Richard D. Hollis. To the contrary, his legal

defenses were predicated on the notion that he was, in fact, Richard D. Hollis. Most important, prior to the district court's ruling, Hollis did not develop any evidence to overcome the presumption of identity of person that SLMA established by proving the identity of name.

The loan applications, promissory notes, SLMA business records, and testimony by Zimmerman clearly created a presumption of identity of name and person. By ignoring this presumption, the trial court arbitrarily disregarded the undisputed evidence that Hollis was, in fact, Richard D. Hollis. Resolving all facts and inferences reasonably to be drawn from the evidence in favor of SLMA, we hold the district court erred in granting Hollis judgment as a matter of law.

Finally, Hollis argues in the event SLMA's first ground of appeal is successful, we should uphold the trial court's "dismissal" because SLMA is not the real party of interest. Hollis raised this argument before the district court, and it was overruled. Hollis had 20 days after SLMA filed its notice of appeal to file a cross-appeal in order to present this adverse ruling for appellate review. K.S.A. 2004 Supp. 60-2103(h). His failure to file a cross-appeal precludes our consideration of this issue. See *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 191, 106 P.3d 483 (2005).

Reversed and remanded.